**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICARDO GUTIERREZ, on behalf of himself and all others similarly situated, </br></br>        Plaintiff, </br></br>    v. </br></br>WEMAGINE.AI LLP, </br></br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   Case No. 21 cv 5702 |

**NOTICE OF REMOVAL**

    **PLEASE TAKE NOTICE** that Defendant Wemagine.AI LLP ("Wemagine"), by and through its undersigned counsel, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Chancery Division of the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1446 and the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §1332(d) and 28 U.S.C. §1453(b). This putative class action is subject to this Court's jurisdiction under 28 U.S.C. §1332(d) because minimal diversity exists and the amount in controversy alleged by the putative class members' claims exceeds $5,000,000.00. In support of removal, Wemagine states as follows:

    **I.    CLAIMS ASSERTED AND RELIEF SOUGHT**

    1.    In his Complaint, Plaintiff Ricardo Gutierrez ("Plaintiff") asserts class-action claims against Wemagine in two counts, both under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "B."

2. Specifically, Plaintiff alleges that Wemagine develops, owns and operates a mobile application, Voila AI Artist ("Voila" or the "App"), which uses artificial intelligence to take a person's face from an ordinary photo and transform the face to look like a cartoon or painting. (Ex. B, Compl. at ¶¶ 2, 24). Plaintiff alleges that in the App: (1) a user selects which category of "filter" (*i.e.*, what the user wants their face to look like) he or she wants to use; (2) the user selects which of their photos he or she would like the App to transform; and (3) the App scans the photo using its artificial intelligence – including scanning, collecting or otherwise extracting the user's facial patterns, facial features and expressions – in order to apply a filter. (*Id*., at ¶¶ 25-27). Once the App "processes" the photo, the user can choose which filter he or she wants to apply to the photo. (*Id*., at ¶27).

3. Plaintiff alleges that the App captures, collects and possesses a user's biometric data. (*Id*. at ¶28). "On information and belief," Plaintiff alleges that the App extracts users' biometric facial geometry (a biometric identifier) from a photograph to apply various filters to the photograph in a facially accurate manner. (*Id*.) Also on "information and belief," Plaintiff alleges that but for the collection of biometric data, the App would not be able to apply filters to photographs. (*Id*.)

4. Plaintiff alleges that Wemagine's conduct is confirmed by its Privacy Policy, which mentions that the App collects "Personal Data" which the Plaintiff believes, "on information and belief," includes biometric data. (*Id*., at ¶31). Plaintiff alleges that users of the App are never asked to agree to Wemagine's Privacy Policy or put on notice that such a Privacy Policy exists and, therefore, users never consent to Wemagine's Privacy Policy or the collection of their biometric data – in violation of Section 15(b) of BIPA, 740 ILCS 14/15(b). (*Id*., at ¶32).

2

5. Plaintiff further alleges that Wemagine actively disseminates or discloses biometric data to third parties. (*Id.*, at ¶34). Specifically, Plaintiff alleges that Wemagine's Privacy Policy states that Wemagine "may" disclose personal information to Wemagine's subsidiaries, affiliates, contractors, service providers and other third parties it uses to support its business. (*Id.*). Plaintiff alleges that Wemagine does not ask users whether they consent to the disclosure of their biometric data and, therefore, Wemagine's disclosure or dissemination to third parties violates Section 15(d) of BIPA, 740 ILCS 14/15(d). (*Id.*, at ¶35).

6. Plaintiff seeks to bring his BIPA claims on behalf of two putative classes, defined as:

> **"Collection" Class**: All Illinois residents who used the App in Illinois from January 2021 through the present who had their biometric data captured, collected, received, or otherwise obtained and/or stored by Defendant.
>
> **"Disclosure" Class**: All Illinois residents who used the App in Illinois from January 2021 through the present who had their biometric data disclosed or otherwise disseminated by Defendant.

(*Id.* at ¶¶ 43-44).

7. In Count I of his Complaint, Plaintiff alleges that BIPA makes it unlawful for any private entity to collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject in writing that a biometric identifier or biometric information is being collected or stored; and (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS 14/15(b). (*Id.* at ¶53).

8. Plaintiff further alleges in Count I that, in violation of BIPA, Wemagine collected, captured, used and stored Plaintiff and the Collection Class's biometric identifiers and/or biometric information without first obtaining a written release or informing the Plaintiff and Collection class

3

in writing that their biometric identifiers and/or biometric information were being collected and stored. (*Id.*, at ¶¶ 58-59).

9. In Count I, Plaintiff seeks class certification, declaratory relief, statutory damages of $5,000 for each intentional and/or reckless violation of BIPA or $1,000 for each negligent violation, injunctive and equitable relief, attorney's fees and costs, pre- and post-judgment interest, and any other monetary or equitable relief the Court deems equitable and just. (*Id.* at p. 16).

10. In Count II of his Complaint, Plaintiff alleges that BIPA states that no private entity in possession of a biometric identifier or biometric information may disclose, redisclose or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless the subject of the biometric identifier consents to the disclosure or redisclosure. (*Id.*, at ¶64).

11. Plaintiff further alleges in Count II that, in violation of BIPA, Wemagine disclosed or otherwise disseminated Plaintiff's and the Disclosure Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1). (*Id.*, at ¶69).

12. In Count, II, Plaintiff seeks class certification, declaratory relief, statutory damages of $5,000 for each intentional and/or reckless violation of BIPA or $1,000 for each negligent violation, injunctive and equitable relief, attorney's fees and costs, pre- and post-judgment interest, and any other monetary or equitable relief the Court deems equitable and just. (*Id.* at p. 18).

13. Wemagine denies any violation of BIPA. Wemagine also denies that this matter is appropriate for certification as a class action.

## II. THIS COURT HAS JURISDICTION UNDER CAFA

14. Removal is proper under CAFA because this Court possesses original jurisdiction over this civil action. 28 U.S.C. §1332(d)(2).

15. CAFA grants the United States District Court original jurisdiction over "any action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). These requirements are met in this case.

### A. This Matter is a Class Action.

16. A "class action" under CAFA is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B). Plaintiff seeks to bring two BIPA claims on behalf of two classes, a "Collection" class and a "Disclosure" class, as explained above. (Ex. B, Compl. at ¶¶ 43-44).

### B. Minimal Diversity Exists

17. Plaintiff is a resident and citizen of the State of Illinois. (*Id*. at ¶16).

18. Defendant is a limited liability partnership registered in British Columbia, Canada. (*Id*. at ¶17). The limited liability partnership has two partners, each of whom are citizens of Cyprus. (*See* Exhibit A, Declaration of Wilson Tjoa at ¶3).

19. Minimal diversity therefore exists under 28 U.S.C. §1332(d)(2).

### C. The Amount in Controversy Aggregated Across All Class Members' Claims Meets the CAFA Threshold.

20. Under the CAFA, the District Court shall have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs[.]" 28 U.S.C. §1332(d)(2). For purposes of determining the amount in controversy, the CAFA requires that "the claims of the individual class members shall be aggregated[.]" 28 U.S.C. §1332(d)(6). Although Plaintiff does not allege the total amount of

damages sought, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and the facts established and sworn to in the Tjoa Declaration.

21. In Count I, Plaintiff seeks statutory damages for alleged violations of Section 15(b) of BIPA: $5,000 for each willful and/or reckless violation; or, alternatively, $1,000 for each negligent violation. (Ex. B, Compl. at ¶61; p. 16). In Count II, Plaintiff seeks statutory damages for alleged violations of Section 15(d) of BIPA: $5,000 for each willful and/or reckless violation; or, alternatively, $1,000 for each negligent violation. (*Id*. at ¶71; p. 18).

22. Plaintiff explicitly alleges that in violation of Section 15(b) of BIPA, Defendant collected, stored and used – without first obtaining written consent – the biometric data of "hundreds or thousands" of consumers who used Defendant's App. (*Id*. at ¶6). Plaintiff further alleges that in violation of Section 15(d) of BIPA, Defendant disclosed and disseminated the biometric data of "**hundreds of thousands**" of consumers who used Defendant's App – including the Plaintiff – without first procuring consent. (*Id*. at ¶7). In his Motion for Class Certification filed with the court, attached hereto as Exhibit "C," Plaintiff clarifies that he "alleges that there are **thousands** of members of the Classes." (Exhibit C, Plaintiff's Motion for Class Certification, at p. 5).

23. An allegation of just 1,000 (not "thousands") of willful or reckless BIPA violations would meet the CAFA $5,000,000 threshold ($5,000 per violation x 1,000 violations is $5,000,000). On the face of Plaintiff's Complaint alone, therefore, Plaintiff's allegation of multiple willful or reckless BIPA violations for each of the thousands of class members meets CAFA aggregated amount in controversy minimum of $5,000,000. The amount in controversy is even higher, given Plaintiff's request for statutory attorney's fees and additional monetary damages.

24. In addition, if only negligent violations are involved in this suit, there must be 5,000 violations to satisfy CAFA's $5,000,000 requirement ($1,000 per violation x 5,000 violations is $5,000,000). Based on Defendant's current assessment of its records and the numbers of Illinois users of the App, there are at least 5,000 users of the App in Illinois. (Tjoa Declaration at ¶7). If, as Plaintiff alleges, each of these users may be entitled to at least $1,000 in damages for reckless violations of BIPA, the amount in controversy meets the CAFA aggregated amount in controversy minimum of $5,000,000.

25. To justify removal to federal court, all that is required is a good-faith estimate of the amount in controversy by the party seeking removal. *Bloomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id*. Once the removing party meets this requirement, the court has jurisdiction unless the plaintiff can demonstrate that those damages are "legally impossible." *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014); *ABM Sec. Servs. v. Davis*, 646 F.3d 475, 478-79 (7th Cir. 2011); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

26. Thus, for the reasons explained above, the amount in controversy threshold under 28 U.S.C. §1332(d)(2) is met.

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

27. Plaintiff filed the above-captioned matter on September 23, 2021 in the Chancery Division of the Circuit Court of Cook County, Illinois under Case No. 2021 CH 04873. In accordance with 28 U.S.C. §1446(a), a true and correct copy of the Summons and Complaint served upon Defendant is attached hereto as Exhibit B. In addition, attached as Exhibit C is a Plaintiff's Motion for Class Certification. The Summons, Complaint and Motion for Class

Certification constitute all process, pleadings and orders served upon Defendant. 28 U.S.C. §1446(a).

28. Defendant received service of the Summons and Complaint on September 27, 2021. (Tjoa Declaration at ¶5). Defendant caused this Notice of Removal to be filed within thirty (30) days thereafter. Accordingly, this Notice of Removal is timely under 28 U.S.C. §1446(b).

29. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where this suit was originally filed. 28 U.S.C. §93(a)(1).

30. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Chancery Division of the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. §1446(d).

31. Written notice of the filing of this Notice of Removal will be provided to all parties promptly after the filing of this Notice of Removal.

32. For the foregoing reasons, this Court has jurisdiction over this matter. Accordingly, the present lawsuit may be removed from the Chancery Division of the Circuit Court of Cook County, Illinois and be brought before the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1446, §1332(d), and §1453(b).

WHEREFORE, Defendant Wemagine.AI, LLP submits that this action is now properly removed from the Circuit Court of Cook County, Illinois and that all further actions take place before this Court.

Dated: October 26, 2021     Respectfully submitted,

                                              WEMAGINE.AI, LLP

                                              By:   /s/ Mario M. Iveljic
                                                        One of its Attorneys

Mario M. Iveljic (ARDC 6280267)
Steven P. Mikuzis (ARDC 6279289)
MAG MILE LAW, LLC
535 N. Michigan Ave., Suite 200
Chicago, IL 60611
(708) 576-1624
mario@magmilelaw.com
steven@magmilelaw.com

## CERTIFICATE OF SERVICE

I, Mario M. Iveljic, an attorney, hereby certify that on this 26th day of October, 2021, I served a true and correct copy of the foregoing Notice of Removal via e-mail and by regular U.S. Mail, postage prepaid, to the following:

J. Dominick Larry
Nick Larry Law LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
nick@nicklarry.law

Philip L. Fraietta
Max S. Roberts
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY 10019
pfraietta@bursor.com
mroberts@bursor.com

Brittany S. Scott
Bursor & Fisher, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
bscott@bursor.com

*Attorneys for Plaintiff and the Putative Classes*