# EXHIBIT B

Hearing Date: 1/24/2022 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
Cook County, IL

FILED
9/24/2021 2:41 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04873

14958178

FILED DATE: 9/24/2021 2:41 PM   2021CH04873

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Ricardo Gutierrez

                                    Plaintiff(s)

                    v.                              Case No.  2021-CH-04873

Wemagine.AI LLP

Wemagine.AI LLP
c/o Stuart A. Moir, Lawyer                    Defendant(s)
1103-11871 Horsehoe Way, 2nd Floor
Richmond, British Columbia V7A 5H5
Canada

                    Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ◉ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**            **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

---

⦿ Atty. No.: 64846           Witness date    9/24/2021 2:41 PM IRIS Y. MARTINEZ
○ Pro Se 99500

Name: J. Dominick Larry, Nick Larry Law LLC           Iris Y. Martinez, Clerk of Court
Atty. for (if applicable):

Plaintiff           ☐ Service by Certified Mail

Address: 8 S Michigan Ave, Suite 2600           ☐ Date of Service: _____
                                                    (To be inserted by officer on copy left with employer or other person)

City: Chicago

State: IL    Zip: 60603

Telephone: 773.694.4669

Primary Email: nick@nicklarry.law

---

FILED DATE: 9/24/2021 2:41 PM 2021CH04873

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

FILED DATE: 9/24/2021 2:41 PM   2021CH04873

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**12-Person Jury**

. Hearing Date: 1/24/2022 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
    Cook County, IL

FILED
9/23/2021 4:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04873

14944818

FILED DATE: 9/23/2021 4:50 PM   2021CH04873

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Ricardo Gutierrez

                              Plaintiff

v.

Case No: **2021CH04873**

Wemagine.AI LLP

                              Defendant

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 ☐ Administrative Review | 0017 | ☐ Mandamus |
| 0001 ☑ Class Action | 0018 | ☐ Ne Exeat |
| 0002 ☐ Declaratory Judgment | 0019 | ☐ Partition |
| 0004 ☐ Injunction | 0020 | ☐ Quiet Title |
| | 0021 | ☐ Quo Warranto |
| 0007 ☐ General Chancery | 0022 | ☐ Redemption Rights |
| 0010 ☐ Accounting | 0023 | ☐ Reformation of a Contract |
| 0011 ☐ Arbitration | 0024 | ☐ Rescission of a Contract |
| 0012 ☐ Certiorari | 0025 | ☐ Specific Performance |
| 0013 ☐ Dissolution of Corporation | 0026 | ☐ Trust Construction |
| 0014 ☐ Dissolution of Partnership | 0050 | ☐ Internet Take Down Action (Compromising Images) |
| 0015 ☐ Equitable Lien | | |
| 0016 ☐ Interpleader | | ☐ Other (specify) _____ |

○ Atty. No.: 64846      ○ Pro Se 99500

Atty Name: J. Dominick Larry, Nick Larry Law LLC

Atty. for: Plaintiff

Address: 8 S Michigan Ave, Suite 2600

City: Chicago        State: IL

Zip: 60603

Telephone: 773.694.4669

Primary Email: nick@nicklarry.law

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

Hearing Date: 1/24/2022 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
    Cook County, IL

FILED
9/23/2021 4:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04873

FILED DATE: 9/23/2021 4:50 PM  2021CH04873

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

RICARDO GUTIERREZ, on behalf of himself
and all others similarly situated,

                    Plaintiff,

    v.

WEMAGINE.AI LLP,

                    Defendant.

Case No.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Ricardo Gutierrez ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, makes the following allegations based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.    This is a class action suit brought against Defendant Wemagine.AI LLP ("Wemagine" or "Defendant") for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. Defendant develops, owns, and operates a mobile application, Voilà AI Artist ("Voila" or the "App"), that collects biometric information.

2.    Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing, and using his and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to

---

[1] "Biometric identifier[s]" include fingerprints, voiceprints, iris scans, and face geometry, among other things.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

FILED DATE: 9/23/2021 4:50 PM   2021CH04873

collectively at times as "biometric data"). Defendant failed to procure Plaintiff's consent before it collected, captured, or otherwise obtained Plaintiff's biometric data, and failed to procure Plaintiff's consent before it disclosed or otherwise disseminated Plaintiff's biometric data.

3.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

4.      In recognition of these concerns, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant that possesses biometric data must (i) inform individuals in writing that biometric data is being collected, and (ii) procure a written release from individuals for the collection of biometric data. 740 ILCS 14/15(b).

5.      Moreover, entities in possession of biometric data cannot disclose or otherwise disseminate biometric data unless the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure." *See* 740 ILCS 14/15(d)(1).

6.      In direct violation of § 15(b) of BIPA, Defendant collected, stored, and used— without first obtaining informed written consent—the biometric data of hundreds or thousands of consumers who used Defendant's App.

7.      Further, in direct violation of § 15(d) of BIPA, Defendant disclosed and disseminated the biometric data of hundreds of thousands of consumers who used Defendant's App—including Plaintiff—without first procuring consent.

8.     Plaintiff is a consumer who used the App. During Plaintiff's use of the App, Defendant collected his biometric data, including his facial geometry, facial features, and expressions.

9.     Defendant failed to obtain written consent from Plaintiff to collect, capture, or otherwise obtain Plaintiff's biometric data. Plaintiff was not on notice that his biometric data would be collected to third parties, nor did Plaintiff consent to the same. Defendant did not procure a "written release" executed by Plaintiff for the collection of his biometric data.

10.     Finally, Defendant disclosed Plaintiff's biometric data to numerous third parties without procuring Plaintiff's consent. Plaintiff was not on notice that their biometric data would be disclosed to third parties, nor did Plaintiff consent to the same.

11.     BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of the risks that are inherently presented by the collection and storage of biometric data, and a right to know how long such risks will persist after ceasing using Defendant's App.

12.     Yet, Defendant failed to obtain Plaintiff's or the Classes' informed written consent before collecting their biometric data, and failed to procure consent to disclose his biometric data.

13.     Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's improper and lackluster collection, storage, and disclosure of these individuals' biometric data in violation of BIPA.

## JURISDICTION AND VENUE

14.     This Court has personal jurisdiction over Defendant because the biometric data collected and which give rise to this lawsuit (1) belonged to Illinois residents, and (2) was collected by Defendant in Illinois or from consumers using the App in Illinois.

FILED DATE: 9/23/2021 4:50 PM    2021CH04873

FILED DATE: 9/23/2021 4:50 PM  2021CH04873

15.     Venue is proper in this County because Defendant conducts its usual and customary business in this County.  735 ILCS 5/2-101; 735 ILCS 5/2-102(b).

## PARTIES

16.     Plaintiff Ricardo Gutierrez is, and has been at all relevant times, a resident of Chicago, Illinois and has an intent to remain there, and is therefore a domiciliary and citizen of Illinois.

17.     Defendant Wemagine.AI LLP is a limited liability partnership registered in British Columbia, Canada.  Defendant develops, owns, and operates the App, which is used throughout Illinois.

## FACTUAL BACKGROUND

### I.     Illinois' Biometric Information Privacy Act

18.     The use of a biometric scanning system entails serious risks.  Unlike other methods of identification, facial geometry is a permanent, unique biometric identifier associated with an individual.  This exposes individuals to serious and irreversible privacy risks.  For example, if a device or database containing individuals' facial geometry data is hacked, breached, or otherwise exposed, individuals have no means by which to prevent identity theft and unauthorized tracking.

19.     Recognizing the need to protect citizens from these risks, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") in 2008, to regulate companies that collect and store biometric information, such as facial geometry. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276.

20.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or

- 4 -

FILED DATE: 9/23/2021 4:50 PM   2021CH04873

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored … and (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

21.     Further, "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless the subject of the biometric identifier or biometric information … consents to the disclosure or redisclosure." 740 ILCS 14/15(d)(1).

22.     As alleged below, Defendant violated § 15(b) of BIPA by failing to obtain a written release from the individuals authorizing the collection of their biometric data, and violated § 15(d) of BIPA by failing to procure the consent of individuals to disclose or otherwise disseminate their biometric data.

## II.     Defendant Violates BIPA

23.     Defendant develops, owns, and operates the App, which is one of the most popular mobile applications on iPhone and Android. The App was installed on mobile devices nearly 8 million times in June 2021 alone, with about 2.3 million of those installs occurring in the United States.

FILED DATE: 9/23/2021 4:50 PM    2021CH04873

24.    Using artificial intelligence, the App can take a person's face from an ordinary photo and transform the face to look like a cartoon or a painting.



25.    The App's process involves several steps.  First, a user selects which category of "filters" (*i.e.*, what the user wants their face to look like) he or she wants to use:

FILED DATE: 9/23/2021 4:50 PM   2021CH04873



26.     Next, the user selects which of their photos he or she would like the App to transform. The user can also select a photo of a celebrity or public figure, such as President Joseph Biden:

FILED DATE: 9/23/2021 4:50 PM   2021CH04873




27.     Finally, once a user has selected which photo they want to use, the App scans the photo using its artificial intelligence—including scanning, collecting, or otherwise extracting the user's facial patterns, facial features, and expressions—in order to apply a filter. Once the App "processes" the photo (*i.e.*, scans and collects the user's facial features), the user can choose which filter he or she wants to apply to the photo:

FILED DATE: 9/23/2021 4:50 PM   2021CH04873





28.     Defendant's App captures, collects, and possesses a user's biometric data.   On information and belief, the App extracts users' biometric facial geometry (a biometric identifier) from a photograph in order to apply various filters to the photograph in a facially accurate manner. Indeed, and on information and belief, but for the collection of biometric data, Defendant's App would not be able to apply filters to photographs. This process is done automatically (*i.e.*, without human intervention) through the use of artificial intelligence.

FILED DATE: 9/23/2021 4:50 PM   2021CH04873

29.     Accordingly, when the App "processes" a photograph, Defendant captures, collects, and possesses a user's biometric data.

30.     BIPA covers technology that captures, collects, or possesses "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry" and technology based on these identifiers that is "used to identify an individual." 740 ILCS 14/10.

31.     Defendant's conduct is confirmed by its Privacy Policy, at least as published in March 2021. That document mentions that the App collects "Personal Data," which is defined as "data about a living individual who can be identified from those data (or from those and other information either in our possession or likely to come into our possession)." On information and belief, "Personal Data" includes biometric data.

32.     However, when users download and use the App, they are never asked to agree to Defendant's Privacy Policy. Nor are users constructively put on notice of the existence of the Privacy Policy. Thus, users never consent to Defendant's Privacy Policy, including Defendant's collection of biometric data.

33.     Accordingly, Defendant violated BIPA § 15(b) by (i) failing to inform users that their biometric data is being collected, and (ii) failing to procure a "written release" (*i.e.*, consent) from users for the collection of their biometric data.

34.     Further, not only does Defendant collect biometric data; it actively disseminates or discloses the biometric data to third parties. Specifically, Defendant's Privacy Policy states it "may disclose personal information that we collect" to:

- Defendant's subsidiaries and affiliates;
- Defendant's contractors, service providers, and other third parties Defendant uses to support its business.

35. Again, Defendant does not ask users whether they consent to the disclosure of their biometric data. Accordingly, Defendant's disclosure or dissemination of biometric data to third parties violates BIPA § 15(d)(1).

36. Defendant's failure to comply with BIPA's basic consent and disclosure requirements was reckless.

## III. Experience Of Plaintiff

37. Plaintiff is an Illinois domiciliary.

38. On June 9, 2021, Plaintiff Gutierrez downloaded and used the App in Chicago, Illinois.

39. Plaintiff uploaded photos of himself to the App, whereupon the App scanned and processed Plaintiff's photos in order to apply filters.

40. When Plaintiff used the App, his biometric data, including his facial geometry and facial expressions, was collected by Defendant in Illinois. Defendant utilized its AI software to scan Plaintiff's photos and extract his biometric data.

41. Plaintiff never signed a written release nor otherwise consented to Defendant's collection, storage, and disclosure of their biometric data. Nor was Plaintiff put on notice nor informed of the terms of Defendant's Privacy Policy prior to or while using the App.

42. Thus, when Plaintiff used the App in Illinois, Defendant collected and disclosed Plaintiff's biometric data in violation of BIPA §§ 15(b) and 15(d).

## CLASS ALLEGATIONS

43. **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as all Illinois residents who used the App

FILED DATE: 9/23/2021 4:50 PM    2021CH04873

in Illinois from January 2021 through the present who had their biometric data captured, collected, received, or otherwise obtained and/or stored by Defendant (the "Collection Class").

44.     Plaintiff also brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as all Illinois residents who used the App in Illinois from January 2021 through the present who had their biometric data disclosed or otherwise disseminated by Defendant (the "Disclosure Class").

45.     Collectively, the Collection Class and the Disclosure Class shall be known as the "Classes."

46.     Subject to additional information obtained through further investigation and discovery, the above-described Classes may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

47.     **Numerosity:**  Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Classes is substantial, believed to amount to hundreds of persons.  It is, therefore, impractical to join each member of the Classes as a named plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  Moreover, the Classes are ascertainable and identifiable from Defendant's records.

48.     **Commonality and Predominance:**  Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which

FILED DATE: 9/23/2021 4:50 PM   2021CH04873

- 12 -

may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Classes' biometric identifiers and/or biometric information;

(b) whether Defendant disclosed or otherwise disseminated Plaintiff's and the Classes' biometric identifiers and/or biometric information;

(c) whether Defendant procured the consent of Plaintiff and members of the Classes to collect and/or disclosure their biometric data; and

(d) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

49.     **Adequate Representation:** Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the Classes. Neither Plaintiff nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Classes. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Classes, to include additional claims as may be appropriate, or to amend the definition of the Classes to address any steps that Defendant took.

50.     **Propriety of Class Treatment:** Pursuant to 735 ILCS 5/2-801(4), a class action is an appropriate method for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It

FILED DATE: 9/23/2021 4:50 PM   2021CH04873

would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

## COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(b)

51.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52.     Plaintiff brings this claim individually and on behalf of the members of the proposed Collection Class against Defendant.

53.     BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data.  Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored … *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b) (emphasis added).

54.     Defendant failed to comply with these BIPA mandates.

55.     Defendant is a partnership and does business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

- 14 -

FILED DATE: 9/23/2021 4:50 PM    2021CH04873

56.     Plaintiff and the Collection Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

57.     Plaintiff's and the Collection Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

58.     Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Collection Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

59.     Defendant failed to inform Plaintiff and the Collection Class in writing that their biometric identifiers and/or biometric information were being collected and stored in violation of 740 ILCS 14/15(b)(1).

60.     By collecting, capturing, storing, and/or using Plaintiff's and the Collection Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Collection Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

61.     On behalf of himself and the Collection Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Collection Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Collection Class, respectfully requests that this Court enter an Order:

A.  Certifying this case as a class action on behalf of the Collection Class defined above, appointing Plaintiff as the representative of the Collection Class, and appointing his counsel as Class Counsel;

B.  Declaring that Defendants' actions, as set out above, violate BIPA § 15(b), 740 ILCS 14/15(b);

C.  Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D.  Awarding injunctive and other equitable relief as is necessary to protect the interests of the Collection Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E.  Awarding Plaintiff and the Collection Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F.  Awarding Plaintiff and the Collection Class pre- and post-judgment interest, to the extent allowable; and

G.  Awarding such other and further relief as equity and justice may require.

**COUNT II – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(D)**

62.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

63.  Plaintiff brings this claim individually and on behalf of the members of the proposed Disclosure Class against Defendant.

64.  BIPA requires companies to obtain consent from individuals before disclosing or disseminating their biometric data. Specifically, BIPA states that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise

FILED DATE: 9/23/2021 4:50 PM    2021CH04873

FILED DATE: 9/23/2021 4:50 PM    2021CH04873

disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier ... consents to the disclosure or redisclosure." 740 ILCS 14/15(d)(1).

65.     Defendant failed to comply with these BIPA mandates.

66.     Defendant is a partnership and does business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

67.     Plaintiff and the Disclosure Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

68.     Plaintiff's and the Disclosure Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

69.     Defendant disclosed or otherwise disseminated Plaintiff's and the Disclosure Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

70.     By disclosing or otherwise disseminating Plaintiff's and the Disclosure Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Disclosure Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

71.     On behalf of himself and the Disclosure Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Disclosure Class by requiring Defendant to comply with BIPA's requirements for the disclosure and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to

FILED DATE: 9/23/2021 4:50 PM    2021CH04873

740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Disclosure Class, respectfully requests that this Court enter an Order:

A.    Certifying this case as a class action on behalf of the Disclosure Class defined above, appointing Plaintiff as the representative of the Collection Class, and appointing his counsel as Class Counsel;

B.    Declaring that Defendants' actions, as set out above, violate BIPA § 15(d), 740 ILCS 14/15(d);

C.    Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D.    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Disclosure Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E.    Awarding Plaintiff and the Disclosure Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F.    Awarding Plaintiff and the Disclosure Class pre- and post-judgment interest, to the extent allowable; and

G.    Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: September 23, 2021

Respectfully submitted,

*/s/ J. Dominick Larry*

**NICK LARRY LAW LLC**
J. Dominick Larry
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
Email: nick@nicklarry.law
Firm ID: 64846

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
Max S. Roberts*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
Email: pfraietta@bursor.com
        mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Brittany S. Scott*
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: bscott@bursor.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Classes*

FILED DATE: 9/23/2021 4:50 PM    2021CH04873