UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO GUTIERREZ, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> WEMAGINE.AI LLP, <br><br> Defendant. | NO. 21 C 5702 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ricardo Gutierrez brought this putative class action against Defendant Wemagine.AI LLP ("Wemagine"), alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1, *et seq*. Before the Court is Wemagine's motion to dismiss for lack of personal jurisdiction, R. 9. That motion is granted.

**Background**

Wemagine is a limited liability partnership incorporated in Canada. Ricardo Gutierrez is an Illinois citizen. Wemagine develops and owns a mobile application, Voila AI Artist ("Voila" or "App"), which uses artificial intelligence to extract a person's face from a photo and transform it to look like a cartoon. Wemagine collects the facial geometry and biometric data of Voila users.

On September 23, 2021, Gutierrez filed a two-count class action complaint against Wemagine, alleging violations of BIPA. Specifically, Gutierrez alleges

Wemagine violated Sections 15(b) and 15(d) of BIPA when it collected, captured, used, and stored Gutierrez's biometric data without first obtaining a written release and by disclosing or otherwise disseminating his biometric information without obtaining written consent, as is required by the statute. Wemagine filed its motion to dismiss on November 1, 2021, arguing this Court lacks jurisdiction over Wemagine.

## Legal Standard

"A complaint need not include facts alleging personal jurisdiction. However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court reads the complaint "liberally, in its entirety, and with every inference drawn in favor" of the plaintiff to determine whether it has set forth a prima facie case for personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

Because this Court is sitting in diversity, it has personal jurisdiction over the parties to the extent that an Illinois court could exercise such jurisdiction. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 n.2 (7th Cir. 2011). "Illinois extends personal jurisdiction to the limits allowed by the United States Constitution, so the

state and federal standards are congruent here." *Id*. There are two forms of personal jurisdiction—general and specific.[1] "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The exercise of specific jurisdiction "must also comport with traditional notions of fair play and substantial justice." *N. Grain*, 743 F.3d at 492. In general, "[t]he defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that [it] could be haled into court there." *Id*. (citing *Burger King*, 471 U.S. at 474).

## Analysis

Gutierrez argues Wemagine has sufficient minimum contacts with Illinois because it has over 5,000 Viola users in Illinois, which, Gutierrez contends, shows Wemagine purposefully availed itself and directed its data collection efforts in the forum state. Gutierrez further argues that his claims arise out of or relate to Wemagine's Illinois conduct—namely, the collection of Illinois residents' biometric data from their use of Viola. R. 12.

Wemagine contends it has not purposefully availed itself to the privilege of conducting business in Illinois, as it is essentially an interactive website and did not

---

[1] Gutierrez does not argue the Court has general jurisdiction over Wemagine.

specifically direct any business to Illinois. R. 10 at 6-7. Wemagine points to ample case law from this circuit and district which is in line with its position. *See, e.g., be2LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) (explaining that a defendant must "in some way target the forum state's market" beyond "simply operating an interactive website that is accessible from the forum state"); *Gullen v. Facebook*, 2016 WL 245910, *6 (N.D. Ill. Jan. 21, 2016) ("[T]he Seventh Circuit has rejected the notion that an online merchant's operation of an interactive website is sufficient to confer specific jurisdiction on it in every state from which it can be accessed.")[2].

The Court agrees with Wemagine. The only connection between Wemagine and Illinois is Gutierrez. Gutierrez chose to download the Viola app. There was no directed marketing specific to Illinois, and the fact that Viola is used by Illinois residents does not, on its own, create a basis for personal jurisdiction over Wemagine. Put simply, there must be a stronger connection between Illinois and Wemagine to subject Wemagine to court proceedings in this district. This holding is in line with recent holdings in this circuit and district—those Courts that found personal

---

[2] Gutierrez argues *Gullen* "clearly departs" from the case law in this district. R. 12 at 8. However, Gutierrez cites cases in which defendants did significantly more than simply run an interactive website accessible from the forum state. *See id.* (citing *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1105, 1105 (N.D. Ill. 2015) (finding jurisdiction where the defendants offered photo printing services and shipped hard copy photographs and other products to Illinois customers); *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 906 (N.D. Ill. 2015) (finding jurisdiction where defendants shipped counterfeit products to Illinois residents); *Mercis B.V. v. Partnerships and Unincorporated Associated Identified on Schedule 'A'*, 2021 WL 4699007, *1 (N.D. Ill. Mar. 19, 2021) (finding jurisdiction where the defendant was "ready, willing, and able" to ship counterfeit products to Illinois)). The Court does not agree that *Gullen* departs from the case law in this district, and regardless, the Seventh Circuit's holding in *Ivanov* is controlling on this Court.

4

jurisdiction were presented with a more significant connection to Illinois than Gutierrez has shown here. The Seventh Circuit found personal jurisdiction in *Curry v. Revolution Labs., LLC*, where online purchasers selected an Illinois shipping address, received a confirmation email confirming their Illinois address, and received products in the mail. 949 F.3d 385, 389 (7th Cir. 2020). Similarly, in *King v. PeopleNet Corp.*, personal jurisdiction existed where the defendant had provided products and services to the plaintiff's employer. 2021 WL 5006692, *6 (N.D. Ill. Oct. 18, 2021). The defendant in *King* entered into business contracts with multiple Illinois businesses and shipped devices to them. *Id*. The district court found that the defendant purposefully availed itself when it "sought out the Illinois timekeeping market." *Id.* at *7.

On the other hand, in *Stein v. Clarifai*, the district court found that personal jurisdiction was not present where the only alleged tie with Illinois was that the plaintiff lived here, used an interactive dating website, and the defendant worked with a Chicago-based venture capital fund whose principals founded the dating website. *Stein*, 526 F. Supp. 3d 339 (N.D. Ill. 2021). The defendant in *Stein* was a technology company in New York that collected photos from the plaintiff's social media profile and used her biometric facial information without her consent. The court held the defendant merely ran an interactive website that did not specifically target Illinois residents and had no other relevant ties to Illinois. *Id*. at 344. This was true even though the defendant sold its demographic model directly to two Illinois customers. *Id*. The court found it would be unjust to subject the defendant to personal

5

jurisdiction in this district because the contacts with Illinois did not come from "suit-related activity with the forum state." *Id*. "To hold otherwise would mean that a plaintiff could bring suit in literally any state where the defendant shipped at least one item." *Id*. at 345-46 (citing *Advanced Tactical Ordnance Ss., LLC v. Real Action Paintball, Inc.*, 752 F.3d 796, 801 (7th Cir. 2014)); *see also Salkauskaite v. Sephora USA, Inc.*, 2020 WL 2796122, *5 (N.D. Ill. May 30, 2020) (no personal jurisdiction where the defendant did not target its marketing or sales toward Illinois, and the fact that "the technology was used in Illinois does not establish minimum contacts"); *Bray v. Lathem Time Co.*, 2020 WL 1492742, *2 (C.D. Ill. Mar. 27, 2020) (no personal jurisdiction where the defendant had no directed advertising toward Illinois even though its web-service was available there, because "the plaintiff cannot be the sole link between the defendant and the forum"); *McGoveran v. Amazon Web Services, Inc.*, 488 F. Supp. 3d 714, 722 (S.D. Ill. 2020) (no personal jurisdiction where the defendant was registered to do business in Illinois, because "nothing about the [allegedly harmful conduct] occurred in Illinois except for the [action of the plaintiffs].").

Gutierrez only alleges that Viola is available and used by Illinois residents. R. 12 at 3 ("Plaintiff is an Illinois resident who used the App in Illinois and alleges that his facial geometry was collected by the Defendant in Illinois."). Unlike the defendants in *King* and *Curry*, there is no evidence that Wemagine purposefully directed any of its conduct toward Illinois, did any Illinois-specific shipping, marketing, or advertising, or sought out the Illinois market in any way. Indeed,

6

Wemagine is not registered to do business in Illinois, has no employees in Illinois, and any alleged harm in this case was occasioned by Gutierrez's conduct of downloading and using the Viola App.

Due process requires that a defendant be haled into the forum state based on its own affiliation with the state, not "random, fortuitous, or attenuated" contacts made by interacting with persons affiliated with the state. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citing *Burger King*, 471 U.S. 462, 475 (1985)). The only contact with the forum state here is Gutierrez (and other members of the putative class) downloading an app and using it. This attenuated contact is not sufficient for the Court to exercise personal jurisdiction over Wemagine, and to do so would essentially be to hold that Wemagine is subject to personal jurisdiction in the entire United States, because Viola is available nationwide (as well as internationally). Because Gutierrez has not demonstrated that Wemagine has minimum contacts with Illinois or directed its suit-related actions at Illinois so as to subject it to this Court's jurisdiction, the Court must dismiss his complaint for lack of personal jurisdiction.

## Conclusion

For the reasons set forth above, Wemagine's motion to dismiss for lack of personal jurisdiction, R. 9, is granted. If Gutierrez wishes to seek leave to file an amended complaint, he must do so no later than twenty-one (21) days from the entry of this order. Any motion for leave to amend must include a copy of the proposed amended complaint, a redline version showing changes from the original complaint,

and a brief of no more than five (5) pages explaining how the proposed amended complaint cures the deficiencies identified in this opinion.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 26, 2022

8