UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO GUTIERREZ AND SHANNON ROSS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>WEMAGINE.AI LLP,<br><br>Defendant. | No. 21 C 05702<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ricardo Gutierrez and Shannon Ross ("Plaintiffs") bring this putative class action against Defendant Wemagine.AI LLP ("Wemagine"), alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1, *et seq*. Before the Court is Wemagine's second motion to dismiss for lack of personal jurisdiction and failure to state a claim, R. 24. That motion is granted.

## Background

Wemagine, a limited liability partnership registered in British Columbia, Canada, develops and owns a mobile application, Voila AI Artist ("Voila" or "the App"). R. 21-1 ¶¶ 1, 16. The App uses artificial intelligence to extract a person's face from a photo and transform it to look like a cartoon. *Id.* ¶¶ 8, 34. Plaintiffs are Illinois citizens who are users of the App. *Id.* ¶¶ 8, 14–15. Plaintiffs allege that Wemagine violates BIPA by collecting, storing, and disclosing the facial geometry and biometric

1

data of Voila users without their consent. *Id.* ¶¶ 8–10, 12–13, 24, 33, 39, 43–46, 51–53, 58–60, 76–78, 87–88.

After this Court dismissed the original Complaint for lack of personal jurisdiction on January 26, 2022 (R. 19), it granted Plaintiffs' motion for leave to file an Amended Complaint (R. 22). The Amended Complaint is distinct from the original Complaint in two notable ways: first, it includes allegations regarding a second named plaintiff, Shannon Ross, who downloaded Voila in Illinois and paid $29.99 for an annual Voila Pro subscription. R. 21-1 ¶¶ 28–29, 32–33, 55–56. Second, the Amended Complaint alleges the App derives substantial revenue from nearly 5,000 Illinois-based users due to subscription fees and its display of third-party advertising to "free" users. *Id.* ¶¶ 18, 26–27, 31, 33, 50. Wemagine filed a motion to dismiss Plaintiffs' Amended Complaint, arguing again that this Court lacks personal jurisdiction over Wemagine and that Plaintiffs have failed to state a claim. R. 24.

## Analysis

Plaintiffs' additions to the Amended Complaint do not salvage their claims, and the Amended Complaint must again be dismissed for many of the same reasons this Court identified in its Opinion granting Wemagine's first motion to dismiss. *See* R. 19. Courts may assert specific jurisdiction where (1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743

F.3d 487, 492 (7th Cir. 2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Here, Plaintiffs first argue that this Court has specific personal jurisdiction over Wemagine because, in addition to downloading and using Voila in Illinois, Plaintiff Gutierrez and other Illinois users of the free version are subject to third-party advertising during their use of the App. This, Plaintiffs contend, generates revenue for Wemagine in Illinois. However, "advertisements or solicitation of business is not enough to sustain personal jurisdiction in Illinois." *Linehan v. Golden Nugget*, 2008 WL 4181743, at *6 (N.D. Ill. Sept. 5, 2008) (citing *Crum & Forster Specialty Ins. Co. v. Extended Stay America, Inc.*, 873 N.E.2d 964 (Ill. App. Ct. 1st. 2007)); *see also Congdon v. Cheapcarribbean.com, Inc.*, 2017 WL 5069960, at *7 (N.D. Ill. Nov. 3, 2017) (no personal jurisdiction where solicitation, advertising, and sales were not conducted with any specificity to Illinois). Like *Congdon*, here there is no evidence that Wemagine purposefully directed any of its conduct toward Illinois, did any Illinois-specific shipping, marketing or advertising, or sought out the Illinois market in any way. Plaintiffs also do not allege that the advertisements shown to free users in Illinois were for Illinois companies or for Wemagine itself.

Further, Plaintiffs do not allege that their injuries arose out of the third-party advertisements. Plaintiffs' extensive citation of *Keiken v. Music Corp, of America, Inc.*, 1993 WL 280818 (N.D. Ill. July 26, 1993), is erroneous because the court there later overruled the holding on which Plaintiff relies. 1994 WL 11617, at *2 (N.D. Ill. Jan. 3, 1994). On reconsideration, the *Keiken* court found that the plaintiff's injury at

a Florida theme park did not "arise out of" the defendant's Illinois advertisements because the plaintiff never saw the advertisements. *Id.* This holding conformed to the substantial jurisprudence in Illinois that advertisements without a causal nexus to the injury cannot provide a basis for personal jurisdiction. *Id.*[1] In this case, too, Wemagine's alleged violation of BIPA did not arise out of the third-party advertisements in question, which only appeared to users after the App had already been downloaded, and were not designed to encourage users to download or use the App. Instead, the alleged harm was occasioned by Gutierrez's own conduct of downloading and using the App. As this Court has discussed, courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates [an interactive] website that is accessible in the forum state." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (quoting *Illinois v. Hemi Group* LLC, 622 F.3d 754, 760 (7th Cir. 2010)). Therefore, Plaintiff Gutierrez's alleged basis of asserting personal jurisdiction via third party advertisement revenue fails.

---

[1] Plaintiffs' other authorities on this point are distinguishable for the same reasons. That is, the defendants in those cases specifically targeted their marketing activities to the forum states. *See, e.g.*, *Doffing v. Meta Platforms, Inc.*, Case No. 1:22-cv-00100-CL, 2022 WL 3357698, at *4–5 (D. Or. July 20, 2022) (court had personal jurisdiction over app designer where it entered contracts with forum residents, sent thousands of communications to forum users, tracked and broadcasted user locations, and provided location-based recommendations); *Boone v. Sulphur Creek Resort, Inc.*, 749 F. Supp. 195, 199–200 (S.D. Ind. 1990) ("Of primary importance . . . is the evidence that the Resort made the residents of [the forum state] specific targets of the Resort's advertising . . ."). Additionally, the advertisements had some sort of causal connection to the purported claims. *See, e.g.*, *Walker v. Carnival Cruise Lines, Inc.*, 681 F. Supp. 470, 474 (N.D. Ill. 1987) (passenger's injury on cruise ship arose out of cruise company's advertising activities where passenger asserted that the company's marketing in the forum caused her to book the cruise).

Neither does the allegation that Plaintiff Ross paid for the Pro version of the App in Illinois establish specific personal jurisdiction. The plaintiff cannot be the sole link between a defendant and the forum. *Kosar v. Columbia Sussex Management, LLC*, 2021 WL 5356753, *6 (N.D. Ill. Nov. 16, 2021) (quoting *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021)). Again, the alleged injury must arise from the defendant's contacts with Illinois. *See Kosar*, 2021 WL 5356753 at *6.

In *be2 LLC v. Ivanov*, Illinois residents accessed and created profiles on an online dating site, but there was no evidence that the site targeted the Illinois market. 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."). Similarly, though Plaintiff Ross downloaded and paid for the Pro version of Voila in Illinois, there is no evidence that Wemagine purposefully directed the subscription toward Illinois in a way that Wemagine availed itself of the privilege of doing business in the state. *Id.* Like an interactive website, any alleged harm here was occasioned by Plaintiff Ross's own interaction with Voila—downloading and accessing the App and then uploading his photo—rather than the Defendant's specific actions in this jurisdiction. *Matlin*, 921 F.3d at 706; *see also Breschia v. Paradise Vacation Club, Inc.*, 2003 WL 22872128, at *3 (N.D. Ill. Dec.4, 2003) (dismissing for lack of personal jurisdiction where the only connection to the forum was that the plaintiff accessed the defendant's website to make and pay for a hotel reservation in the forum).

Plaintiffs cite *Huston v. Hearst Communications, Inc.* to support their claim that subscriptions purchased in Illinois are enough to support personal jurisdiction; however, the court in *Huston* established that "personal jurisdiction also exists over [the defendant] because it conducts substantial business within Illinois and has significant, continuous, and pervasive contacts in Illinois," through the sale and shipping of physical products to Illinois customers. 2022 WL 385176, at *1 (C.D. Ill. Feb. 7, 2022). That is not true in this case. Plaintiffs' other authorities are inapposite for the same reason. *See, e.g., King v. PeopleNet Corp.*, No. 21 CV 2774, 2021 WL 5006692, at *6 (N.D. Ill. Oct. 28, 2021) (defendant shipped devices to Illinois customers for storage of biometric data); *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 905 (N.D. Ill. 2015) (defendants affirmatively created a shipping option on their website to ship counterfeit goods to Illinois); *Trio v. Turing Video, Inc.*, Case No. 1:21-cv-04409, 2022 WL 4466050 (N.D. Ill. Sept. 26, 2022) (defendant executed numerous "purchase orders with Illinois customers for sale and shipment of [COVID-19 screening equipment].").[2]

Even as replead, the Amended Complaint still fails to establish this Court's jurisdiction over Wemagine as to Plaintiffs' BIPA claims. The Amended Complaint must be dismissed for lack of personal jurisdiction. Thus, the Court need not consider whether Plaintiffs failed to state a claim under Fed. R. Civ. P. 12(b)(6).

---

[2] Plaintiffs cite to *Ronquillo v. Doctor's Assocs., LLC*, 2022 WL 1016600 (N.D. Ill. 2022) in their supplemental authority. But that case considered a different question: whether BIPA could be applied to residents outside Illinois, or whether the claims were barred by the extraterritoriality doctrine. *Id.* at *4. Even so, there, the plaintiff's biometric data was collected and stored on-site in Illinois. *Id.*

## Conclusion

For the reasons set forth above, Wemagine's motion to dismiss the Amended Complaint for lack of personal jurisdiction, R. 24, is granted. This dismissal will be without prejudice as to any forum where personal jurisdiction actually exists.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 7, 2022